IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 3:24-cv-444-MCR-ZCB |

## **LOCAL RULE 5.6 NOTICE OF A PRIOR CASE**

Plaintiff Restore Robotics Repairs LLC ("Restore") hereby files its Local Rule 5.6 Notice of a Prior Case. A prior case included similar claims between Restore and Defendant Intuitive Surgical, Inc. ("Intuitive"): *Restore Robotics, LLC, et. al v. Intuitive Surgical, Inc.*, Case No. 5:19cv55-TKW-MJF. In the prior case, Restore brought antitrust claims for injury to its business repairing and remanufacturing S/Si EndoWrists ("S/Si EndoWrist Litigation"). On January 26, 2023, the parties entered a joint stipulation under Fed. R. Civ. Proc. 41(a) that all claims and counterclaims asserted in the S/Si EndoWrist Litigation against all parties were dismissed with prejudice.

1

In this case, Restore brings antitrust claims for injury to its business repairing and remanufacturing X/Xi EndoWrists ("X/Xi EndoWrist Litigation"). Restore could not have brought those claims in the X/Xi EndoWrist Litigation at any time during the S/Si EndoWrist Litigation. On or about February 29, 2024, Restore became the first and only independent service organization ("ISO") to achieve the technological capability to reset the pre-programmed usage limits on the EndoWrist instruments for use with the X/Xi EndoWrist instruments. Prior to that time, it was unproven whether anyone would be able to achieve the technological capability to reset the usage count on an X/Xi EndoWrist and enter the U.S. X/Xi EndoWrist Market to compete with Intuitive.

Respectfully submitted on September 18, 2024.

/s Jeff Berhold  
Jeffrey L. Berhold*  
Georgia Bar No. 054682  
JEFFREY L. BERHOLD, P.C.  
1230 Peachtree Street, Suite 1050  
Atlanta, GA 30309  
(404) 872-3800  
jeff@berhold.com  

**COUNSEL FOR PLAINTIFF**

* Pro Hac Vice Admission Pending

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.