IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RESTORE ROBOTICS REPAIRS LLC,

    Plaintiff,

v.

INTUITIVE SURGICAL, INC.,

    Defendant.

Case No. 3:24-cv-444-MCR-ZCB

## JOINT REPORT

Pursuant to Fed. R. Civ. Proc. 26(f), Plaintiff Restore Robotics Repairs LLC ("Restore") and Defendant Intuitive Surgical, Inc. ("Intuitive") have conferred and submit this report outlining their proposed discovery plan. The parties have discussed the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case. The parties do not believe that there is an opportunity at this point in the litigation for settling or resolving the case. They will confer again regarding the possibility of settlement after the resolution of the motion to dismiss being filed by Intuitive concurrently with this report. The parties disagree whether a complete stay of discovery is appropriate pending a ruling on the motion to dismiss the complaint. The parties set forth the following discovery plans.

1

Complex Litigation. While Intuitive has moved to stay discovery, the parties agree that the discovery in this case would involve complicated legal, factual, and technical (particularly economic) questions calling for the application of techniques and procedures for the management of complex litigation. The parties also note that some of the issues are the subject of prior or pending litigation on the same or similar claims against Intuitive in various jurisdictions ("Related Cases"), including *Restore Robotics LLC, et. al v. Intuitive Surgical, Inc.*, Case No. 5:19-cv-55-TKW-MJF (N.D. Fl. filed February 27, 2019) ("*Restore I*"). In those cases, the parties conducted dozens of depositions and collected more than a million pages of documents.

In the instant action, Restore has served requests for discovery seeking access to that database, along with additional information from Intuitive regarding its development, manufacture, and sales of surgical robots and robotic instruments. If the Court denies Intuitive's motion for a stay of discovery and/or this case proceeds beyond the pleading stage, Intuitive intends to serve Restore with requests for discovery regarding its efforts to develop, market, and sell modified X/Xi EndoWrists, among other topics.

Initial Disclosures. The parties agree that there should be no changes in the form or requirement of disclosures under Rule 26(a)(1). Restore requests that the parties exchange Rule 26(a)(1) disclosures on February 10, 2025. Intuitive requests a stay of discovery, including initial disclosures, pending resolution of the motion to

dismiss, per the motion to stay discovery being filed concurrently with this Joint Report.

Discovery. Restore proposes to conduct discovery in two phases: (1) approximately 9 months of non-expert discovery and (2) and approximately 3 months of expert discovery. Intuitive agrees to the concept of two phases but believes it would be more efficient for the parties to propose a discovery schedule, if needed, with the benefit of the Court's ruling on Intuitive's motion to dismiss. Intuitive's proposed schedule below provides additional time for expert discovery, and is keyed off the Court's ruling on the motion to dismiss. In addition, there may be some non-expert discovery from the Related Cases included in this case. The parties also agree that, in the absence of a stay, they may serve discovery requests for new information from the parties and third parties.

The parties disagree whether a complete stay of discovery is appropriate pending a ruling on the motion to dismiss the complaint. Restore has proposed that (1) the parties exchange Rule 26(a)(1) disclosures by February 10, 2025 and (2) Intuitive provide access by that same date to the existing database of documents collected and produced in the Related Cases (including the documents produced in *Restore I*), which are already accessible to Intuitive. Concurrently with the filing of this Joint Report, Intuitive is moving to stay all discovery pending a ruling on its forthcoming motion to dismiss the First Amended Complaint. Intuitive disagrees

that discovery should begin before the Court has sustained the sufficiency of the Amended Complaint (ECF No. 21), for the reasons shown in the motion to stay discovery. In addition, Intuitive believes Restore's request for access to all documents in the Related Cases, which span many years and subject matter having nothing to do with this case, is massively overbroad and inappropriate, especially before the Court has had the opportunity to determine whether Restore even has a viable claim.

Electronic Discovery. The parties have agreed to take reasonable measures to preserve electronically stored information that may fall within the scope of discovery in this case. The parties have agreed that electronically stored information should be produced in a mutually agreeable electronic form and will propose an order setting out the protocol for production of electronically stored information, which will be based on the protocol in *Restore I*.

Privilege Issues. The parties have agreed to a procedure to assert claims of privilege or protection after production. The parties have agreed to incorporate provisions for clawing back privileged or protected information and will propose a protective order, which will be based on the protective order in *Restore I*.

Discovery Limits. Restore proposes to enlarge the number of depositions each side can take to 20. Intuitive believes it would be more efficient for the parties to

propose enlargements of discovery limits, if any, with the benefit of the Court's ruling on Intuitive's motion to dismiss.

Protective Orders. The parties agree that discovery will call for production of trade secrets or other competitively sensitive information by the parties or third parties, including competitors and customers. The parties will propose a protective order.

Proposed Schedule. The parties each propose the same durations for fact discovery, expert discovery and the briefing of dispositive and *Daubert* motions. Defendant's position is that discovery should not begin prior to the resolution of its pending motion to dismiss. The parties hereby propose the following deadlines:

| Event | Plaintiffs' Position | Defendant's Position |
|---|---|---|
| Initial Disclosures | February 10, 2025 | 15 days after the Court issues an order on the pending motion to dismiss ("MTD Order") |
| Join Parties | 30 days after MTD order | 30 days after MTD Order |
| Amend or File Pleadings | 30 days after MTD order | 30 days after MTD order |
| Close Fact Discovery | October 6, 2025 | 9 months after MTD order (unless the MTD order gives good cause to believe a different time period is required) |

| Restore Serves Initial Expert Reports | November 3, 2025 | 30 days after close of fact discovery |
|---|---|---|
| Intuitive Serves Initial Expert Reports | December 1, 2025 | 60 days after service of Restore's initial expert reports |
| Restore Serves Rebuttal Expert Reports | December 15, 2025 | 30 days after service of Intuitive's initial expert reports |
| Close Expert Discovery | January 19, 2026 | 6 months after close of fact discovery |
| File Dispositive and Daubert Motions | March 9, 2026 | 6 weeks after close of expert discovery |
| File Responses to Motions | April 20, 2026 | 6 weeks after moving briefs are filed |
| File Replies to Motions | May 11, 2026 | 3 weeks after opposition briefs are filed |

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

/s Bruce Partington
Bruce D. Partington
CLARK PARTINGTON
125 East Intendencia Street, 4th Floor

Pensacola, Florida 32502
T: (850) 432-1399
E: bpartington@clarkpartington.com

Andrew Lazerow (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
T: 202-662-6000
E: alazerow@cov.com

Kenneth A. Gallo (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
T: 202-223-7300
E: kgallo@paulweiss.com

William B. Michael (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
T: 212-373-3000
E: wmichael@paulweiss.com

**COUNSEL FOR DEFENDANT**

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.