# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIR LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Civil Case No. 3:24-cv-444-MCR-ZCB |

## MOTION TO STAY DISCOVERY BY INTUITIVE SURGICAL

Defendant Intuitive Surgical, Inc. ("Intuitive") moves to stay all discovery and disclosures pending the Court's resolution of its Dispositive Motion to Dismiss, ECF No. 25, filed January 31, 2025.

## MEMORANDUM OF LAW

Plaintiff Restore Robotics Repair LLC ("Restore") filed this action in a second attempt to litigate claims it previously asserted in this Court in 2019 and settled in 2023. Restore's claims are based on allegedly anticompetitive contract terms that Restore has known about for years and that have been publicly filed in another lawsuit. Intuitive moved to dismiss, both on the basis that Restore's complaint is time-barred and because it fails to state a viable antitrust claim. Restore amended its complaint, and Intuitive again moved to dismiss, as the amended complaint continues to suffer from substantial deficiencies.

1

Discovery should not proceed in this case until the Court resolves Intuitive's dispositive motion to dismiss. Intuitive has identified substantial uncurable deficiencies in the Amended Complaint that, if credited by the Court, would result in the dismissal of this case. Moreover, dismissal with prejudice would be appropriate because Restore has already had the opportunity, and failed, to cure those deficiencies with amendments to its pleading. As shown in Intuitive's motion to dismiss, Restore's claims are barred by the applicable statute of limitations—an affirmative defense specifically intended to "provide potential defendants with the assurance of eventual repose from claims made stale by the passage of time," and that would dispose of all pending claims. *Deen v. Egleston*, 597 F.3d 1223, 1232–33 (11th Cir. 2010) (internal quotation omitted). In addition, the contracts Restore challenges permit authorized third parties to offer the service that Restore claims it was foreclosed from offering. Application of controlling law to that undisputed fact compels dismissal of all claims.

Permitting discovery while Intuitive's dispositive motion is pending would also be unduly burdensome. For example, Restore has already served on Intuitive eighteen interrogatories and a request for the production of forty-six categories of documents. The discovery requests, attached to this motion as **Exhibit A**, seek to conduct a fishing expedition well beyond the scope of the amended complaint. Two of the documents requests alone—the documents produced by all parties and third-

parties in four antitrust lawsuits filed against Intuitive in the last five years, including Restore's own, now-settled lawsuit—seek categories of documents that are not reasonably calculated to lead to the discovery of admissible evidence in *this* case and thus would require Intuitive to review hundreds of thousands of documents for their relevance and other discoverability criteria in this case. Ex. A at 15 (document requests 1-2).[1] The discovery that Restore seeks encompasses the full scope of potential litigation and goes far beyond any reasonable scope for *this* litigation. As such, there is a significant likelihood of both exceptional costs imposed on Intuitive and the necessity for judicial intervention in establishing a reasonable scope of discovery proportional to the needs of the case.

Given the multiple, independent legal grounds for dismissal (and, Intuitive respectfully submits, the substantial likelihood of dismissal), the substantial costs imposed by immediate and expansive discovery, and the lack of measurable harm to Restore that will result from a stay, the short delay attendant to the Court's consideration of the motion to dismiss would avoid the wasteful expenditure of all the participants' resources and promote judicial efficiency and economy, and

---

[1] Although Restore makes it appear that it seeks documents from only two cases, Intuitive produced all documents from two *other* cases in Florida in the California class action case subject to RFP No. 2. The class action also includes documents produced in a competitor case pending in California, as well as materials marked confidential that were obtained through third party subpoenas and are governed by a protective order.

3

promote "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## ARGUMENT

It is well settled that district courts have the authority to stay discovery pending resolution of a motion to dismiss and exercise that authority in appropriate circumstances. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (acknowledging that district courts have "broad discretion to stay discovery pending a decision on a dispositive motion"); *Jefferson v. State Bar of Ga.*, No. 22-12835, 2023 WL 569458, at *2 (11th Cir. Jan. 27, 2023), *cert. denied*, 144 S. Ct. 179 (2023) (quoting *Shuman* and affirming stay of discovery pending resolution of a motion to dismiss). In deciding whether to enter a stay, courts "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023) (internal quotation omitted) (collecting cases and applying rule even under the possibility of a partial dismissal where such a result could "drastically alter the scope of discovery").

Balancing the parties' interests requires a "preliminary peek" at the merits of the dispositive motion to determine whether there is a significant probability of ending the litigation. *See, e.g.*, *Hetherington v. Lee*, No. 3:21-cv-671-MCR-EMT, 2021 WL 7084092, at *1 (N.D. Fla. June 24, 2021). The plausibility pleading standard established by the Supreme Court was initially grounded in the extreme costs of modern discovery in antitrust cases, and the distortions resulting from those costs. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007) (discussing *in terrorem* effect of costly discovery and citing authorities recognizing the "unusually high cost of discovery in antitrust cases"); *see also Quality Auto Painting Ctr. Of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1267 (11th Cir. 2019) (noting "the expensive and settlement-inducing quagmire of antitrust discovery"). Yet even before the Supreme Court described the plausibility standard as a threshold that must be passed to "unlock the doors of discovery," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Eleventh Circuit had recognized that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," should be resolved "before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *see*

5

*also Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017) (affirming stay of discovery pending resolution of motion to dismiss because it "was a matter that could, and did, resolve all the issues pending"). A stay is particularly appropriate here.

**I.     There is a strong probability that the case will be dismissed as a result of the concurrently filed motion to dismiss.**

Intuitive has asserted a powerful statute of limitations defense that can be resolved based on the face of the amended complaint. *See* ECF No. 25 at 14–16. As explained in detail in the motion to dismiss, Restore's allegations arise from customer contracts that Restore previously challenged in 2019 and that Restore alleges have not changed in the intervening five years. *Id.* at 14; *see also* Am. Compl., ECF No. 21 ¶¶ 66, 90. Discovery is not necessary to uncover the terms of those contracts or the details of Restore's previous lawsuit—both the details of the prior litigation and example contracts are available through public court filings, including the example contract filed in connection with Intuitive's motion to dismiss. *See* ECF No. 17 at 4–11. Discovery is thus unnecessary to resolve the statute of limitations defense, and if the Court agrees Restore's claim is time-barred, this case will be resolved in its entirety. *See Williams v. Rest. Techs., Inc.*, No. 3:16-CV-266, 2017 WL 5953301, at *1 (N.D. Fla. May 30, 2017). Considerations of equity, too, weigh in favor of a stay. "Among the basic policies served by statutes of limitations are preventing plaintiffs from sleeping on their rights and prohibiting the prosecution

6

of stale claims." *Foxworth v. Kia Motors Corp.*, 377 F. Supp. 2d 1196, 1204 n.10 (N.D. Fla. 2005). It would be incredibly prejudicial to require Intuitive to respond to discovery requests on a "stale claim[]" that is barred due to Restore's failure to bring suit within the limitations period.

Intuitive has also identified numerous other independent deficiencies in the amended complaint. Intuitive's motion to dismiss explains why Restore has failed to plead *three separate* necessary elements of its claims: (1) a cognizable tie or exclusive dealing arrangement, *see* ECF No. 25 at 16–24; (2) a viable single-brand aftermarket, *see id.* at 29–33; and (3) causation of antitrust injury, *see id.* at 25–28. Each of these independent grounds for dismissal involves application of well-established legal principles to Restore's pleading and thus does not require discovery to resolve. *See Chudasama*, 123 F.3d at 1367. The Court's resolution of any of these issues in Intuitive's favor would entirely resolve this case. *See Williams*, 2017 WL 5953301, at *1 (granting motion to stay discovery where a motion to dismiss based on "failure to state a claim … could be granted and this action entirely terminated").

## II. The costs of not imposing a stay are substantial while any prejudice would be insignificant in the overall scope of complex litigation.

Balanced against Intuitive's substantial likelihood of success on the motion to dismiss, the costs imposed on the non-movant by delaying discovery are *de minimis* while the costs on all parties and the district court by proceeding with discovery are significant. *See Chudasama*, 123 F.3d at 1367–68 (observing that discovery imposes

7

burdens on both parties and the judicial system, including because "scarce judicial resources must be diverted from other cases to resolve discovery disputes" (footnote omitted)).

The burdens of discovery on Intuitive in this case would be substantial. As apparent from Exhibit 1, Restore seeks expansive discovery in this case, including the production of all of the discovery that Intuitive has produced in other lawsuits filed against Intuitive between 2019 and 2021 and the search, collections, and production of entirely new documents. Far from easing Intuitive's discovery burdens, Restore's request would require Intuitive to re-review *hundreds of thousands* of documents to determine if they are discoverable in *this* case, not to mention the currently unknown number of new documents that Restore seeks. *See* Fed. R. Civ. P. 26(b)(1) (limiting "the scope of discovery" to material "that is relevant to any party's claim or defense and proportional to the needs of the case"). To provide just one example, in its previous lawsuit, Restore asserted antitrust claims in *two* alleged aftermarkets: one for EndoWrists, and one for service of Intuitive's da Vinci robotic surgery systems. *See* First Am. Compl., ECF No. 14, at 29–34 in *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-CV-55. Here, by contrast, Restore alleges only an EndoWrist aftermarket. *See* ECF No. 21 at 28–31.

A brief delay in discovery would not substantially affect the quality of justice in this case. The parties have agreed to proceed expeditiously if the case proceeds

8

beyond the pleading stage, even though the parties agree that this case would qualify as complex. There has been substantial discovery in the parties' prior litigation and the ordinary time to resolve a motion to dismiss is comparatively brief. Accordingly, there is little to no apparent risk of degradation of key evidence. *See Clinton*, 520 U.S. at 708, *Skuraskis*, 717 F. Supp. 3d at 1231. That is particularly true here where the intended scope of discovery is already known. And there is no prejudice to Restore from the brief delay while the Court considers the motion to dismiss, particularly given that Restore waited years—beyond the statute of limitations—to bring this case in the first place.

By contrast, the potential costs of initiating discovery now, while the motion to dismiss is pending, could impose costs not only on Intuitive but on third parties and this court. Restore seeks re-production of "all" discovery from previous cases, whether produced by Intuitive or "any other person," including confidential documents produced under third party subpoenas pursuant to a protective order. *See* Ex. A; *see also* Stipulated Modified Protective Order, ECF No. 109, *In re da Vinci Surgical Robots Antitrust Litig.*, No. 3:21-cv-3825 (N.D. Cal. Nov. 23, 2022). Additionally, the last time that Restore filed suit against Intuitive, the parties were unable to resolve significant discovery disputes without the aid of the court. *See, e.g.*, Order on Mot. to Compel Disc. at 2, ECF No. 192, *Restore Robotics LLC v. Intuitive Surgical Inc.*, No. 5:19-cv-55 (N.D. Fla. Oct. 24, 2022) (discussing several

discovery disputes). Given the massive overbreadth of Restore's initial discovery requests, Intuitive anticipates that additional discovery disputes in this case will require the court's resolution, weighing on the efficient operation of the court.

With immediate discovery providing no material benefit to the resolution of this case, the prospect of a limited stay pending resolution of Intuitive's motion to dismiss causing no prejudice to Restore, and the significant burdens that discovery will impose on the parties and this Court, a stay of discovery is warranted in this case.

## CONCLUSION

For the foregoing reasons, Intuitive respectfully requests that the Court stay all discovery in this matter pending resolution of Intuitive's motion to dismiss.

Dated: January 31, 2025

                                        Respectfully submitted,

/s/ *Andrew Lazerow*

Bruce D. Partington
CLARK PARTINGTON
125 East Intendencia Street, 4th Floor
Pensacola, Florida 32502
T: (850) 432-1399
E: bpartington@clarkpartington.com

Andrew Lazerow (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
T: 202-662-6000
E: alazerow@cov.com

Kenneth A. Gallo (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
T: 202-223-7300
E: kgallo@paulweiss.com

William B. Michael (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
T: 212-373-3000
E: wmichael@paulweiss.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Intuitive certifies that it has conferred with Restore in an attempt to resolve the issues presented in this Motion to Stay Discovery. Intuitive is authorized to represent that Restore objects to the relief requested herein.

/s/ *Andrew Lazerow*
Andrew Lazerow

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Intuitive certifies that this Motion to Stay Discovery complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 2,228 words, excluding the parts exempted by the Local Rule.

/s/ *Andrew Lazerow*
Andrew Lazerow