**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

RESTORE ROBOTICS REPAIRS LLC,

        Plaintiff,

v.

INTUITIVE SURGICAL, INC.,

        Defendant.

Case No. 3:24-cv-444-MCR-ZCB

## PLAINTIFF RESTORE ROBOTICS REPAIRS' FIRST INTERROGATORIES TO DEFENDANT INTUITIVE SURGICAL, INC.

Pursuant to Fed. R. Civ. Proc. 33, Plaintiff Restore Robotics Repairs LLC ("Restore") hereby serves the following interrogatories upon Defendant Intuitive Surgical, Inc. ("Intuitive"). Unless otherwise indicated, these interrogatories cover the period from January 1, 2018 to the present.

## Definitions and Instructions

"You" or "your" means the person or entity to whom these requests are addressed; its officers, directors, agents, and employees, or any merged, consolidated, or acquired predecessor or successor, parent, or subsidiary, division, or affiliate; or any person acting on your behalf; or any person within a "controlled group of corporations" of which you are a member.

"Person" means any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

"Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

"Policy" means any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized by you.

"Competitor" means any person whom you considered, viewed, or recognized as being in competition with you.

"Customer" means any person purchasing or receiving products or services directly from you.

"Agreement" means any version of Intuitive's Sales, License and Service

2

Agreement ("SLSA").

"System" means any model of Intuitive's da Vinci Surgical System.

"Surgical Robot" means a surgical tool that allows a surgeon to perform an operation with one or more robotic arms that hold surgical instruments for use in minimally invasive soft-tissue surgery.

As to a person, "identify" includes name, business and residence address(es) (including zip code), occupation, job title, and dates so employed; and if not an individual, state the type of entity and the address of its principal place of business.

As to a document, "identify" means the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Federal Rules of Civil Procedure 34.

As to a communication, "identify" means the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person present when it was made, and the subject matter discussed.

3

"Or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories or requests any information which might otherwise be construed to be outside their scope.

The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## Interrogatories

1.    Please identify each version of the Agreement that has been in use by you from January 1, 2014 to the present.

2.    Please identify each customer that has purchased or leased their System from January 1, 2014 without the Agreement.

3.    Please identify each communication with a customer about possible violations of Section 3.4, Section 5.2, or Section 8 of the Agreement.

4.    Please identify each customer, by hospital name, physical location, contact person(s), and effective date, that has received Intuitive's express written permission for (1) adding or subtracting any customer or third party equipment, hardware, firmware, or software, or (2) reconfiguring any of the Intuitive equipment, hardware, firmware, or software as originally provided to the customer.

5.    Please identify each surgical instrument, by product name, brand name, product manufacturer, and approval date, that was approved by Intuitive for sale by a third party for use with the System.

6.    Please identify any person, by name, title, date(s), and role, that was involved in creating your processes for approving surgical instruments for sale by a third party for use with your System.

7.    Please identify any communication regarding any request by any third party for a surgical instrument to be approved by Intuitive for sale for use with the

System.

8.      Please identify any person, by name, title, date(s), and instrument, that was involved in your decision whether to approve any surgical instrument sold by a third party for use with the System.

9.      Please identify any communication given to any customer in the manner required under their Agreement that a surgical instrument has been approved for use with the System.

10.     Please identify any communication given to any customer in the manner required under their agreement that Intuitive's surgical instruments are not subject to a limited license to use those instruments with the System that expires once an instrument is used up to its maximum number of uses as specified in the documentation accompanying the instrument.

11.     Please identify any amendment in writing, signed by both parties, by customer name, physical location, contact person(s), and effective date, to an agreement with any customer regarding any limited license to use Intuitive's surgical instruments.

12.     Please describe any sampling methodology used by you to inspect your surgical instruments before shipment to customers.

13.     Please identify your competitors in the sale of surgical robots for use in minimally invasive surgery.

6

14.    Please identify your competitors in the sale of surgical instruments for use with the System.

15.    Please describe any policy or practice regarding your sale or delivery of products or services to customers that are using surgical instruments that exceed the usage limits set by you.

16.    Please identify any communications regarding the testing of adulterated instruments.

17.    Please identify any communications to customers regarding the use of adulterated instruments.

18.    Please identify all persons involved in any formal or informal group within your company to respond to the use of adulterated instruments.


Respectfully submitted on January 17, 2025.

Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com


**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

RESTORE ROBOTICS REPAIRS LLC,

               Plaintiff,

   v.

INTUITIVE SURGICAL, INC.,

               Defendant.

Case No. 3:24-cv-444-MCR-ZCB

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I served the **PLAINTIFF RESTORE ROBOTICS REPAIRS' FIRST INTERROGATORIES TO DEFENDANT INTUITIVE SURGICAL, INC.** to the following counsel of record via U.S. mail to their last known address:

BRUCE DOUGLAS PARTINGTON
P.O. Box 13010
Pensacola, FL 32591-3010

TREVOR A THOMPSON
P.O. Box 13010
Pensacola, FL 32591-3010

ANDREW DAVID LAZEROW
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

WILLIAM BALY MICHAEL
1285 Avenue of the Americas
New York, NY 10019-6064

KENNETH A GALLO
1285 Avenue of the Americas
New York, NY 10019-6064

Jeffrey L. Berhold
COUNSEL FOR PLAINTIFF

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

RESTORE ROBOTICS REPAIRS LLC,

       Plaintiff,

  v.

INTUITIVE SURGICAL, INC.,

       Defendant.

Case No. 3:24-cv-444-MCR-ZCB

## PLAINTIFF RESTORE ROBOTICS REPAIRS' FIRST REQUESTS FOR DOCUMENTS TO DEFENDANT INTUITIVE SURGICAL, INC.

Pursuant to Fed. R. Civ. Proc. 34, Plaintiffs Restore Robotics Repairs LLC ("Restore") hereby serves the following requests upon Defendant Intuitive Surgical, Inc. ("Intuitive") for documents and electronically stored information in its possession, custody, or control. Documents and electronically stored information include writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by Intuitive into a reasonably usable form. Unless otherwise indicated, these requests cover the period from January 1, 2018 to the present.

## Definitions and Instructions

"You" or "your" means the person or entity to whom these requests are addressed; its officers, directors, agents, and employees, or any merged, consolidated, or acquired predecessor or successor, parent, or subsidiary, division, or affiliate; or any person acting on your behalf; or any person within a "controlled group of corporations" of which you are a member.

"Person" means any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, or other such entity.

"Communicate" or "communication" means every manner or means of disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

"Policy" means any rule, procedure, directive, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, which was recognized by you.

"Competitor" means any person whom you considered, viewed, or recognized as being in competition with you relating to the manufacture, distribution, or sale or surgical equipment or equipment services.

"Customer" means any person purchasing or receiving products or services directly from you.

2

"Agreement" means any version of Intuitive's Sales, License and Service Agreement ("SLSA").

"System" means any model of Intuitive's da Vinci Surgical System.

"Surgical Robot" means a surgical tool that allows a surgeon to perform an operation with one or more robotic arms that hold surgical instruments for use in minimally invasive soft-tissue surgery.

As to a person, "identify" includes name, business and residence address(es) (including zip code), occupation, job title, and dates so employed; and if not an individual, state the type of entity and the address of its principal place of business.

As to a document, "identify" means the type of document (letter, memo, etc.), the identity of the author or originator, the date authored or originated, the identity of each person to whom the original or copy was addressed or delivered, the identity of such person known or reasonably believed by you to have present possession, custody, or control thereof, and a brief description of the subject matter thereof, all with sufficient particularity to request its production under Federal Rules of Civil Procedure 34.

As to a communication, "identify" means the date of the communication, the type of communication (telephone conversation, meeting, etc.), the place where the communication took place, the identity of the person who made the communication, the identity of each person present when it was made, and the subject matter

discussed.

"Or" shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories or requests any information which might otherwise be construed to be outside their scope.

The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## Requests

1.    <u>Prior Litigation</u>. All documents produced by you or any other person in *Restore Robotics LLC, et. al v. Intuitive Surgical, Inc.*, Case No. 5:19-cv-55-TKW-MJF (N.D. Fl. filed February 27, 2019).

2.    <u>Related Litigation</u>. All documents in your possession produced by you or any other person in connection with IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION (3:21-cv- 03825-AMO-LB) (N.D. Ca.).

3.    <u>Agreement</u>. Documents sufficient to show each version of the Agreement from January 1, 2014 to the present.

4.    <u>Customer Requests</u>. All communications relating to any request by a customer to use surgical instruments manufactured by you beyond their maximum number of uses as specified in the documentation accompanying the instrument.

5.    <u>Written Permission</u>. Documents sufficient to show Intuitive's express written permission to any customer for (1) adding or subtracting any customer or third party equipment, hardware, firmware, or software, or (2) reconfiguring any of the Intuitive equipment, hardware, firmware, or software as originally provided to the customer.

6.    <u>Authorized Instruments</u>. All documents showing that a surgical instrument was approved by Intuitive for use with the System.

7.    <u>Approval Process</u>. All documents relating to your processes for

5

approving surgical instruments for use with your System, including all documents available to the public or third parties for obtaining approval from Intuitive (including any instructions, directions, or product specifications or documentation provided by Intuitive).

8.    Approved Parts. All documents relating to your processes for independent third parties to obtain parts approved, authorized, or certified by you for use in surgical instruments for use with your System.

9.    Approval Requests. All documents relating to any oral or written request by any independent third party, including Restore, for your approval of surgical instruments repaired, serviced, remanufactured, or sold by a third party for use on the System.

10.    Approval Notice. All documents showing the notice given to any customer in the manner required under their agreement that a surgical instrument has been approved for use with the System.

11.    Limited License. All documents showing the notice given to any customer in the manner required under their agreement that Intuitive's surgical instruments are not subject to a limited license to use those instruments with the System that expires once an instrument is used up to its maximum number of uses as specified in the documentation accompanying the instrument.

12.    License Modifications. All documents relating to any proposed or

actual changes to the limited license in Section 8 of the Agreement.

13.    <u>Contract Amendments</u>. All documents showing any amendment in writing, signed by both parties, to an agreement with any customer regarding any limited license to use Intuitive's surgical instruments.

14.    <u>Organization Charts</u>. Documents sufficient to show the organization of your employees involved in the design, marketing, sale, or servicing of your products or services.

15.    <u>Competitive Analysis</u>. All studies, surveys, analyses and reports which were prepared by or for any officer(s) or director(s) for the purpose of evaluating or analyzing your business with respect to market shares, competition, competitors, markets, potential for sales growth or expansion into product or geographic markets.

16.    <u>Promotional Materials</u>.  All documents and electronically stored information distributed to your employees or the public (e.g., hospitals, physicians, or patients) for purposes of marketing or advertising your company, products, or services (including any comparison of robotic surgery with other forms of surgery and any comparison of your surgical robots to other surgical robots).

17.    <u>Cost Comparisons</u>.  All studies and reports comparing the cost of robotic surgery, laparoscopic surgery, or other forms of surgery.

18.    <u>Customer Surveys</u>.  All surveys and polls of hospitals, surgeons, or patients.

19.    <u>Surgeon Benefits</u>.  All studies and reports regarding the benefits of robotic surgery for surgeons (including immersive visualization, intuitive movements, wristed instruments, motion scaling, tremor filtering, and improved ergonomics).

20.    <u>Patient Benefits</u>.  All studies and reports regarding the benefits of robotic surgery for patients (including recovery times, blood loss, infection rates, complication rates).

21.    <u>Product Catalogs</u>.  All catalogs for any of your products or services (including surgical robots, robot parts, robot service, or robot instruments or accessories).

22.    <u>Price Management</u>.  All studies and analyses of managing or setting prices for your products or services or generating revenue through usage fees or other subscription or membership models.

23.    <u>Usage Limits</u>.  All documents discussing plans to set or change limits on the number of uses for any of your robot parts or instruments.

24.    <u>Instrument Pricing</u>.  All documents discussing plans to set or change prices for any instruments marketed or sold by you.

25.    <u>Memory Chips</u>.  All documents created before March 31, 2001 discussing plans to include a memory chip or other mechanism on your robot instruments that records usage of the instrument and expires the instrument after a

usage limit as described on Page 12 of your Annual Report for the Year Ended December 31, 2000.

26.    Blocking Technology.    All documents discussing plans to use any technology (*e.g.*, encryption, passwords) that may prevent or provide access to the usage counter or prevent an independent third party from resetting the usage counter on your surgical instruments.

27.    Test to Failure. Documents sufficient to show the results of any studies showing that your surgical instruments are incapable of functioning for their intended use after a certain number of uses, a certain length of time, or a certain amount of movements or manipulations.

28.    Adulterated Instruments. All documents relating to your testing of adulterated instruments.

29.    Unauthorized Use.    All communications regarding the use of surgical instruments on the system without authorization, approval, or permission from Intuitive.

30.    FDA Correspondence.    All communications with the FDA from January 1, 2014 to the present regarding usage limits on your surgical instruments or the repairing, servicing, or remanufacturing of your surgical instruments.

31.    Failure Rates.    All studies and analyses from January 1, 2014 to the present calculating or reporting failure rates for your EndoWrist instruments before,

during, or after clinical or training use.

32.    <u>Inspection Protocols</u>.    All summaries and manuals regarding your protocols (including any sampling methodology) for inspecting your surgical instruments before shipment to customers.

33.    <u>Surgical Robots</u>.    All emails, messages, and other electronic communications regarding actual or potential competitors in the sale of surgical robots.

34.    <u>Surgical Instruments</u>.    All emails, messages, and other electronic communications regarding any actual or potential competitors in the repair or replacement of surgical instruments for use with the System.

35.    <u>Transaction Data</u>.    Electronically stored information to be produced in xls format for your customer transactions from January 1, 2015 to the present, including any transaction number, transaction type, invoice number, order date, shipping date, delivery date, customer name, customer id, facility name, facility id, billing address, delivery address, order code, item code, product code, part number, product name, product description, unit cost, unit price, and product quantity.

36.    <u>Complaint Rates</u>.    Documents sufficient to show your complaint rates for your surgical instruments by year and product.

37.    <u>RMA Rates</u>.    Documents sufficient to show the rates for requesting, and rates for approving, Return Merchandise Authorizations ("RMA") for your surgical

instruments by year, product, diagnosis, and remaining uses.

38.    <u>Installed Base</u>.  Electronically stored information to be produced in xls format for your installed systems, including any transaction number, transaction type, invoice number, order date, shipping date, delivery date, customer name, customer id, facility name, facility id, billing address, delivery address, order code, item code, product code, part number, product name, product description, unit cost, unit price, and product quantity.

39.    <u>Competitive Installs</u>. Documents sufficient to show your tracking of installations of surgical robots manufactured or sold by your competitors.

40.    <u>Patent Database</u>.  Any database of your patents or patent litigation.

41.    <u>Adverse Events</u>.  Any database of medical device reports submitted by you to the FDA.

42.    <u>Legal Defenses</u>. All documents that Intuitive may use to support its claims or defenses in this case.

43.    <u>Third Party Documents</u>. All documents produced to you by third parties voluntarily or by subpoena relating to this litigation or other litigation involving violations of the antitrust laws.

44.    <u>Usage Tracking</u>.    All documents relating to the creation, implementation, or use of any method for determining remotely from a location outside the hospital whether an EndoWrist instrument has reached its maximum

number of uses as defined in your Agreement.

45.    <u>Sole-Source Certifications</u>.  All statements or representations by you or your employees that you are the sole or single source for, or have a monopoly in, the manufacture, sale, or service of surgical robots generally or your System or surgical instruments specifically.

46.    <u>Forced Obsolescence</u>.  All documents reflecting or relating to any actual or possible plans to discontinue your service or support for any specific model or models of your System or the availability of your surgical instruments or accessories for any specific model or models of your System.

Respectfully submitted on January 17, 2025.

Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800 (telephone)
jeff@berhold.com


**COUNSEL FOR PLAINTIFFS**

*Admitted Pro Hac Vice

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

RESTORE ROBOTICS REPAIRS LLC,

               Plaintiff,

    v.

INTUITIVE SURGICAL, INC.,

               Defendant.

Case No. 3:24-cv-444-MCR-ZCB

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 17, 2025, I served the **PLAINTIFF RESTORE ROBOTICS REPAIRS' FIRST REQUESTS FOR DOCUMENTS TO DEFENDANT INTUITIVE SURGICAL, INC.** to the following counsel of record via U.S. mail to their last known address:

BRUCE DOUGLAS PARTINGTON
P.O. Box 13010
Pensacola, FL 32591-3010

TREVOR A THOMPSON
P.O. Box 13010
Pensacola, FL 32591-3010

ANDREW DAVID LAZEROW
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

WILLIAM BALY MICHAEL
1285 Avenue of the Americas
New York, NY 10019-6064

KENNETH A GALLO
1285 Avenue of the Americas
New York, NY 10019-6064

Jeffrey L. Berhold
COUNSEL FOR PLAINTIFF

2