IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 3:24-cv-444-MCR-ZCB |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL DISCOVERY

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

Plaintiff Restore Robotics Repairs LLC ("Restore") hereby opposes the motion filed by Defendant Intuitive Surgical, Inc. ("Intuitive") to stay all discovery pending the motion to dismiss its complaint. In order to resolve the dispute over starting discovery, Restore proposed that (1) the parties exchange Rule 26(a)(1) disclosures and (2) Intuitive provide access to the existing database of documents collected and produced in related cases (including the documents produced in the S/Si EndoWrist Litigation previously filed by Restore[1]), which are already accessible to Intuitive. Joint Report, ECF No. 24 at 3. Intuitive refused and brought this motion instead for a complete stay of discovery.

The delay in discovery will cause harm to Restore specifically and healthcare generally. Hospitals throughout this country need clarity sooner rather than later on their ability to use X/Xi EndoWrists for an additional cycle of uses. They remain under the limited license for use of the instruments mandated by Intuitive in each and every agreement for the sale of the surgical robots. Restore is the only independent service organization ("ISO") in position to provide that savings for the X/Xi EndoWrists, which are a $2 billion plus per year market. Intuitive seeks to delay that clarity to maintain high prices and monopoly profits coming from the hospitals. In the meantime, hospitals spend more on these instruments – and less on

---

[1] *Restore Robotics LLC, et. al v. Intuitive Surgical, Inc.*, Case No. 5:19-cv-55-TKW-MJF (N.D. Fl. filed February 27, 2019) ("S/Si EndoWrist Litigation").

staff and other equipment to provide access to care for patients in need throughout Florida and the United States.

That harm must be balanced against the likelihood of dismissal of the complaint in its entirety with prejudice:

> The Court has the authority to stay discovery pending consideration of a potentially dispositive motion to dismiss, but such a stay is an extraordinary remedy that should not be granted as a matter of course. When deciding whether to grant such a stay, the Court should take a preliminary peek at the motion to dismiss to determine whether there appears to be an immediate and clear possibility that the motion will be granted and then balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.

*GRLPWR, LLC v. Rodriguez*, No. 3:23CV16480-TKW-HTC, 2023 WL 11760558, at *1 (N.D. Fla. Aug. 4, 2023) (citations and quotation marks omitted).

Here, the motion to dismiss should fail. In the motion to dismiss, Intuitive raises five questions of fact:

- Were the claims timely filed?
- Did Intuitive engage in anticompetitive conduct?
- Was Restore able to enter the market but for that conduct?
- Did the prohibition on an additional cycle of uses harm competition?
- Is there a relevant market for X/Xi EndoWrists or robotic instruments?

In each instance, Intuitive fails to cite the applicable legal standard or the applicable contractual restriction. The relevant law and facts point to a clear resolution on the plausibility of facts giving rise to the claims in this action.

- The claims do not accrue until damages can be reasonably established.[2]
- A claim accrued with each lost sale resulting from the restraint of trade.[3]
- The limited license can constitute actual coercion and exclusive dealing.[4]
- Restore did not need to decrypt the X/Xi to have competitor standing.[5]
- The limited license prevents an additional cycles of uses.[6]
- Monopoly power in surgical robots means an EndoWrist aftermarket.[7]

In addition, these questions of fact can be further addressed in the existing database of documents collected and produced in related cases (including the documents produced in the S/Si EndoWrist Litigation), which are already accessible to Intuitive. There is no burden to Intuitive in allowing Restore to have access to these documents while the motion to dismiss is pending. It is curious to say the least that Intuitive instead would expend the resources to block access to those documents.

---

[2] *Imperial Point Colonnades Condo., Inc. v. Mangurian*, 549 F.2d 1029, 1034 n.14 (5th Cir. 1977).

[3] *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 828 (11th Cir. 1999).

[4] *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19CV55-TKW-MJF, 2019 WL 8063989, at *3 (N.D. Fla. Sept. 16, 2019); see also *Tic-X-Press, Inc. v. Omni Promotions Co. of Georgia*, 815 F.2d 1407, 1416 (11th Cir. 1987) (asking whether the approval clause is "somewhat bogus").

[5] *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, No. 8:20-CV-2274-VMC-TGW, 2022 WL 3272538, at *9–10 (M.D. Fla. Aug. 10, 2022).

[6] ECF No. 21 (Complaint) ¶¶ 54, 57, 60, 61, 62, 64, 66.

[7] *Restore Robotics*, 2019 WL 8063989, at *5-6.

For example, Intuitive represents in this motion that Intuitive has always had a process to authorize third parties to reset the usage limits on the X/Xi EndoWrist instruments for an additional cycle of uses. ECF No. 26 ("Motion") at 2. In addition to conflicting with the plain language in the Agreement establishing a limited license that "expires once an Instrument or Accessory is used up to its maximum number of uses as is specified in the Documentation accompanying the Instrument or Accessory," Complaint ¶ 57, and the warning letters and termination letters sent to customers, id. ¶¶ 60-61, it is contrary to recently released deposition testimony from the President of Intuitive:

> **"QUESTION:** What was Intuitive's policy in this regard before this statement came -- comes out in and around early March of 2023? What was Intuitive's policy about shutting down or whether people could get authorized?"
> And the answer was:
> **"ANSWER:** You know, when I think about it, our conversations, I don't know that we had a clear sort of an agreed-to policy within the company. So I'm actually not sure if I could have said, 'Here is our policy for our cleared instruments.'"

*Surgical Instrument Service Co. v. Intuitive Surgical, Inc.*, No. C-21-03496 (N.D. Ca.), Trial Transcript (Vol. 11) at 1780 (January 22, 2025).

In sum, Intuitive fails to show any harm in allowing access to the existing database of documents collected in the litigation. It is Restore and hospitals and patients that will suffer from the delay. It is true that Restore can try to claw back damages from continuing lost profits. But hospitals need relief now from the

4

exorbitant prices charged by Intuitive for each and every EndoWrist so they can provide more access to healthcare for the people in need in their communities. Those people have no recourse.

In sum, the motion should be denied because Intuitive is not entitled to the "extraordinary remedy" of a complete stay of discovery.

Respectfully submitted on February 14, 2025.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), the undersigned hereby certifies that this memorandum contains 1,082 words.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice