# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIR LLC,<br><br>                              Plaintiff,<br><br>   v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                             Defendant. | Civil Case No. 3:24-cv-444-MCR-ZCB |

## **DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF**

Pursuant to Local Rule 7.1(I), Defendant Intuitive Surgical, Inc. ("Intuitive") moves for leave to file a reply brief in support of its Motion to Dismiss the Amended Complaint of Plaintiff Restore Robotics Repair LLC ("Restore"). ECF No. 25.

Intuitive respectfully submits that a reply brief is warranted because Restore's opposition to the motion to dismiss, ECF No. 27, makes arguments that are contrary to law, mischaracterize and contradict the Amended Complaint, and rely on incomplete and incorrect descriptions of matters outside the four corners of the Amended Complaint. Among other things, Intuitive would address in its reply the following:

1. Restore argues that its claims are timely because Restore "was unable to [] prove with requisite certainty the existence and amount" of its alleged damages

until it obtained the technological ability to reset the use limit on the X/Xi instruments, which allegedly happened in February 2024. ECF No. 27 at 4–6. That misstates the law and contradicts Restore's own allegations. The statute of limitations began to run as soon as Restore suffered injury. *Morton's Mkt., Inc.* v. *Gustafson's Dairy, Inc.*, 198 F.3d 823, 827 (11th Cir. 1999). Here, Restore asserts it had been injured by June 2020—more than four years before it filed its complaint. ECF No. 27 at 7 (citing Am. Compl. ¶ 88). Restore cites no authority for the proposition that an antitrust plaintiff can assert a treble damages claim more than four years after its injury accrued because the plaintiff alleges it only later figured out how to quantify damages. The law is to the contrary: where a plaintiff has been injured, the statute of limitations begins to run even if there may be some "difficulty in ascertaining the scope or extent of the injury." *Pace Indus., Inc.* v. *Three Phoenix Co.*, 813 F.2d 234, 240 (9th Cir. 1987); *Wilson Learning Corp.* v. *Schlechte*, 2005 WL 2063944, *3 (D. Minn. Aug. 24, 2005) (dismissing antitrust claims as time-barred because claimant failed to plead facts showing "realization of actual sales, or even the hypothetical realization of sales," as necessary to prove injury); *see also Winnemucca Indian Colony* v. *United States*, 167 Fed. Cl. 396, 418 (Fed. Ct. Cl. 2023) (where plaintiff has been injured and "simply is uncertain of the quantum of damages[,] the claim already has accrued and the statute of limitations has begun to run."). And the "continuing violation" doctrine cannot save Restore's claims

because, by its own account, Restore is suing on the same contract terms on which it sued in 2019, and as to a business it says it would have entered in 2020 (more than four years ago) absent those contract terms. Restore's claims are facially time-barred.

2. Restore does not dispute the controlling law set forth in Intuitive's moving brief holding that when, as here, the defendant's contracts allow for the purchase of a product from either the defendant or from third parties approved by the defendant, there is no unlawful tying or exclusive dealing unless the plaintiff can show that the possibility of approval was a sham or "illusory." Instead, Restore argues that its claims should survive because "Judge Wetherell previously ruled in the S/Si EndoWrist Litigation that actual coercion and exclusive dealing can be plausibly inferred from the restrictions requiring approval from Intuitive for any repairs during or after the usage limit on the EndoWrists." ECF No. 27 at 7–8. Restore fails to tell the Court that Judge Wetherell was not presented with and never ruled on the legal argument presented in Intuitive's motion here. Restore also blatantly mischaracterizes Intuitive's contracts by claiming that the challenged restrictions are "unqualified." ECF No. 27 at 9. It omits that the immediately preceding sentence of the contract, before the one it quotes in its opposition, makes explicit that Intuitive's restrictions on "repair, refurbishment, or reconditioning" apply only to services "not approved by Intuitive." ECF No. 17 at 6. Finally,

3

Restore asserts it can demonstrate illusoriness "by showing Intuitive had never approved anyone." ECF No. 27 at 10. But that is both contrary to law, ECF No. 25 at 21–22, and also contradicted by Restore's own pleading, which concedes that Intuitive approved Restore itself for an S/Si EndoWrist reset and announced it would grant approval for any third party with FDA clearance to perform EndoWrist resets, ECF No. 27 at 2 n.1 (citing Am. Compl. ¶ 63). It is also fatally undermined by Restore's failure to allege that it or any other third party ever sought Intuitive's approval and was denied. ECF No. 25 at 23–24.

3. Restore argues it can show antitrust injury because Intuitive's contracts made it "futile" to invest in developing technology to reset the use counter on X/Xi instruments before 2023. ECF No. 27 at 11–12 (citing Am. Compl. ¶ 81). That is false. Restore's own complaint concedes that Restore took steps and made investments to achieve X/Xi capability before 2023. Am. Compl. ¶ 82. And sworn deposition testimony from two Restore witnesses played during a recent trial (referenced by Restore in its opposition, ECF No. 27 at 18) shows that Restore began trying to reset X/Xi instruments in 2020. Joint Certification of Counsel Regarding Admitted Exhibits, *Surgical Instrument Service Co.* v. *Intuitive Surgical, Inc.*, Case No. 3:21-cv-03496-AMO (N.D. Cal. filed May 10, 2021) ("SIS"), ECF Nos. 466-14 at 7–8, 466-16 at 3. Restore's argument is also illogical: if it was not "futile" for Restore to invest in resetting the S/Si in 2019, or the X/Xi after 2023, why was it

"futile" for Restore to make such investments in 2020? The end of the "futility" cannot have been Intuitive's 2023 website statement, since Restore describes that statement as "somewhat bogus." ECF No. 27 at 11.

4. Restore concedes it fails to plead the elements necessary to establish a single-brand aftermarket under *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946, 977 (9th Cir. 2023), which is consistent with binding Eleventh Circuit precedent. It relies entirely on Judge Wetherell's allowance of a single-brand aftermarket. ECF No. 27 at 15. But it fails to mention that Judge Wetherell ruled on a different complaint, with different allegations, and without the benefit of *Epic Games*. Even worse, Restore references the trial transcript from the recent trial in *Surgical Instrument Service Co.* v. *Intuitive Surgical*, ECF No. 27 at 18, but fails to mention the most important fact about that trial: the court granted a directed verdict in Intuitive's favor because, after the court made clear that the plaintiff would have to prove all of the *Epic Games* factors to establish a single-brand aftermarket, the plaintiff conceded that it could not do so. *SIS*, ECF No. 445 at 1.

Intuitive respectfully suggests that a reply brief would assist the Court in deciding Intuitive's motion by allowing Intuitive to complete the record on these points. Intuitive would file its reply brief within seven days of the date the Court grants this motion for leave, or on whatever schedule the Court deems appropriate, and its reply will not exceed the 3,200-word limit set by Local Rule 7.1(I).

5

Pursuant to Local Rule 7.1(B), counsel for Intuitive conferred with counsel for Restore regarding this motion, and Restore opposes this motion.

Dated February 25, 2025	Respectfully submitted,

/s/ *William B. Michael*
William B. Michael (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
T: 212-373-3000
E: wmichael@paulweiss.com

Kenneth A. Gallo (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
T: 202-223-7300
E: kgallo@paulweiss.com

Andrew Lazerow (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
T: 202-662-6000
E: alazerow@cov.com

Bruce D. Partington
CLARK PARTINGTON
125 East Intendencia Street, 4th Floor
Pensacola, Florida 32502
T: (850) 432-1399
E: bpartington@clarkpartington.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify that counsel for Intuitive conferred with counsel for Restore before filing this motion. Counsel for Restore stated that they oppose this motion.

/s/ *William B. Michael*
William B. Michael

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify that the foregoing Motion for Leave to File Reply Brief complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 1,206 words, excluding the parts exempted by the Local Rule.

/s/ *William B. Michael*
William B. Michael
