IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|  |  |
|---|---|
| RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 3:24-cv-444-MCR-ZCB |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

Plaintiff Restore Robotics Repairs LLC ("Restore") hereby opposes the motion for leave to file a reply brief in support of the motion to dismiss filed by Defendant Intuitive Surgical, Inc. ("Intuitive"). The Court may grant leave to file a reply memorandum in support of another motion in "extraordinary circumstances." N.D. Fla. Loc. R. 7.1(I). The phrase "extraordinary circumstances" does not even appear in the motion for leave. ECF No. 30.

## THERE ARE NO "EXTRAORDINARY CIRCUMSTANCES"

1. The motion for leave says nothing to suggest that the Supreme Court or Eleventh Circuit have overruled the relevant law applicable to this case on the statute of limitations. First, it is hornbook law that a claim only accrues when the plaintiff can prove the fact of damage.[1] *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 339 (1971); *Imperial Point Colonnades Condo., Inc. v. Mangurian*, 549 F.2d 1029, 1034 n.14 (5th Cir. 1977). In the motion for leave, Intuitive cites decisions in other circuits that confirm that rule upon closer reading.[2] Second, the statute of

---

[1] It was unknown whether anyone could override the encrypted memory chip on the X/Xi EndoWrists until Restore did it. ECF No. 27 at 4 & n.3, 5-6.

[2] "[U]ncertain damages, which prevent recovery, are distinguishable from uncertain extent of damage, which does not prevent recovery." *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 240 (9th Cir. 1987). "The speculative damages exception will only delay accrual of a cause of action when future damages are not susceptible of proof at the time of the antitrust defendant's unlawful act." *Wilson Learning Corp. v. Schlechte*, No. CIV. 04-4703DSDSRN, 2005 WL 2063944, at *3 (D. Minn. Aug. 24, 2005).

limitations "begins to run anew" with each sale under the continuing violation doctrine.[3] *Morton's Mkt., Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 828 (11th Cir. 1999) (citing *Zenith*). The motion for leave does not confront either of those fundamental principles.

2. The motion for leave seeks to reargue whether the complaint sufficiently alleges facts that Intuitive may have engaged in anticompetitive conduct. The motion for leave does nothing more than rehash the arguments of the parties on questions of fact surrounding the enforcement of the limited license on the X/Xi EndoWrists. ECF No. 30 ¶ 2. The motion cites only to the party's prior briefing on the motion to dismiss.

3. The motion for leave also seeks to reargue whether the complaint sufficiently alleges facts that Restore was willing and able to enter the market "but for the exclusionary conduct of the incumbent monopolist." *Sunbeam Television Corp. v. Nielsen Media Rsch., Inc.*, 711 F.3d 1264, 1273 (11th Cir. 2013). Intuitive says nothing to suggest that the issue was improperly decided in *Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, No. 8:20-CV-2274-VMC-TGW, 2022 WL 3272538, at *9–10 (M.D. Fla. Aug. 10, 2022). Nor does Intuitive show that Restore took fewer affirmative steps than Rebotix. Instead, Intuitive wants to renew the back and forth

---

[3] Intuitive has continued to sell its robots with the limited license and enforce the usage limits on the limited license. ECF No. 27 at 6-7. Intuitive has continued to manipulate the terms of the Agreement. Id. at 7.

on the question of fact whether its conduct had the effect of foreclosing entry into the X/Xi EndoWrist market. The parties already addressed this point:

> *Contrary to the argument in the motion to dismiss*, Intuitive had always aggressively enforced the limited license in its dealings with customers and litigation with ISOs. Complaint ¶¶ 60-62; S/Si EndoWrist Litigation, ECF No. 140 at 2, 11, 23 (Motion for Summary Judgment) and ECF No. 124 (Reply) at 16.

ECF No. 27 at 13 (emphasis added); see also ECF No. 25 at 25-26. Nevertheless, Intuitive points to testimony from other litigation. ECF No. 30 ¶ 3. Of course, this testimony was available to Intuitive for its motion to dismiss: Intuitive took these depositions in October and November 2022. Furthermore, the testimony of an individual – or corporate representative – is no more than an evidentiary admission, which can be contradicted or explained at trial. In re 3M Combat Arms Earplug Prods. Liab. Litig., No. 3:19MD2885, 2021 WL 918214, at *7 (N.D. Fla. Mar. 10, 2021) (Rodgers, J.). Alas, the deposition testimony from that litigation does not contradict the allegations in the complaint that Restore would have entered the market but for the exclusionary conduct of Intuitive:

> Well, it absolutely caused delays and harm to our business. We had been counting on the revenues that we were generating from the repair business to fund being able to do additional R&D efforts, to grow the business, and to grow the Xi business and to do the research and development for the Xi.[4]

---

[4] *Surgical Instrument Service Co. v. Intuitive Surgical, Inc.*, Case No. 3:21-cv-03496-AMO (N.D. Cal. filed May 10, 2021) ("SIS"), ECF No. 466-14 at 6.

3

In fact, it is entirely consistent with the allegations in the complaint: "Restore would have taken those steps to expand into X/Xi EndoWrists much more quickly if not for the anticompetitive conduct of Intuitive restricting customers from using instruments that had been reset for an additional cycle of uses. Complaint ¶ 82." ECF No. 27 at 12 (internal quotations marks omitted). Moreover, Restore has explained that Intuitive has continued to manipulate the terms of the customer agreement. ECF No. 27 at 7 (citing Complaint ¶¶ 63-66). In sum, Intuitive wants to reargue the plausibility of a question of fact based on facts outside the record in this case that were already available to Intuitive and support Restore.

4. The motion for leave says nothing to suggest that the Supreme Court, the Eleventh Circuit, or Northern District of Florida have overruled the relevant law applicable to this case on market definition. Specifically, Intuitive uses its dominant position in robots (99% of the surgical robot market) to exercise market power in the aftermarket for X/Xi EndoWrists. *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19CV55-TKW-MJF, 2019 WL 8063989, at *5-6 (N.D. Fla. Sept. 16, 2019) ("S/Si EndoWrist Litigation") (quoting *Spectrofuge Corp. v. Beckman Instruments, Inc.*, 575 F.2d 256, 282 (5th Cir. 1978) and citing *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 479 n.29 (1992)). Instead, Intuitive wants to rehash its argument that the plaintiff must show that the challenged aftermarket restrictions are "not generally known" when consumers make their foremarket purchase. Intuitive

4

already made this argument in its motion to dismiss citing the exact same case from the Ninth Circuit. ECF No. 25 at 31-32. Restore already explained in its opposition brief that the Supreme Court in *Kodak*, the District Court in the S/Si EndoWrist Litigation, <u>and</u> the Ninth Circuit in *Epic Games* have stated such analysis is only applicable if the defendant does not have market power in the foremarket in the first place. ECF No. 27 at 16. Furthermore, it is plausible that Intuitive has market power in a broader aftermarket for surgical robot instruments generally, which also obviates the need for an inquiry whether the plaintiff satisfies any additional requirements for a single-brand aftermarket. Id. at 16-17 (citing the S/Si EndoWrist Litigation). The motion for leave offers nothing new on this point either.

## **CONCLUSION**

The motion for leave has required unnecessary time and expense because the motion clearly raises no "extraordinary circumstances." In addition, a lengthy reply brief would likely delay the start of discovery in this case. Finally, the motion for leave does not provide comfort that a reply brief will even engage on the relevant law. Instead, the motion for leave proposes a reply brief that sidesteps the relevant law and reargues the plausibility of questions of fact.

Respectfully submitted on March 4, 2025.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice

Pursuant to Local Rule 5.1(F)(1)(a), a certificate of service is not required.

**LOCAL RULE 7.1(F) CERTIFICATION**

Pursuant to Local Rule 7.1(F), the undersigned hereby certifies that this memorandum contains 1,271 words.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice