IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIRS LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>Defendant. | Case No. 3:24-cv-444-MCR-ZCB |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF ECF NO. 27 AND ECF NO. 34**

Jeffrey L. Berhold
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309

Pursuant to N.D. Fla. Loc. R. 7.1(J), Plaintiff Restore Robotics Repairs LLC ("Restore") hereby files this notice of supplemental authority in support of its memorandum in opposition to the motion to dismiss the First Amended Complaint (ECF No. 27 at 15-17) and its memorandum in support of its motion for leave to file the Second Amended Complaint (ECF No. 34 at 5-7). The supplemental authority is *Fed. Trade Comm'n v. Deere & Co.*, No. 25-CV-50017, 2025 WL 1638474 (N.D. Ill. June 9, 2025).

*Deere* makes three important points regarding aftermarket analysis. First, *Kodak* – and *Epic Games* – do not apply where the defendant has market power in the primary equipment market (Surgical Robots in this case). *Id.* at *3 Second, at least one district court in the Ninth Circuit similarly believes *Kodak* and *Epic Games* do not apply where the defendant has market power in the foremarket. *Id.* (citing *Lambrix v. Tesla, Inc.*, 737 F. Supp. 3d 822, 840 (N.D. Cal. 2024). Third, in the absence of market power in the primary equipment market, a plaintiff can establish a *Kodak*-style single-brand aftermarket by showing (1) a change in policy by the manufacturer <u>or</u> (2) an inability of customers to accurately engage in lifecycle pricing. *Id.*

*Deere* makes these points interpreting *Kodak* and *Epic Games after* the conflicting rulings regarding jury instructions in the *SIS* trial. Furthermore, *Deere* is consistent with the prior rulings in this district in the S/Si EndoWrist Litigation.

1

*Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19CV55-TKW-MJF, 2019 WL 8063989, at *5-6 (N.D. Fla. Sept. 16, 2019) ("S/Si EndoWrist Litigation") (quoting *Spectrofuge Corp. v. Beckman Instruments, Inc.*, 575 F.2d 256, 282 (5th Cir. 1978) and citing *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 479 n.29 (1992)).

    Respectfully submitted on June 12, 2025.

                                        /s Jeff Berhold
                                        Jeffrey L. Berhold*
                                        Georgia Bar No. 054682
                                        JEFFREY L. BERHOLD, P.C.
                                        1230 Peachtree Street, Suite 1050
                                        Atlanta, GA 30309
                                        (404) 872-3800
                                        jeff@berhold.com

                                        **COUNSEL FOR PLAINTIFF**

                                        * Admitted Pro Hac Vice

Pursuant to N.D. Fla. Loc. R. 5.1(F)(1)(a), a certificate of service is not required.

## LOCAL RULE 7.1(J) CERTIFICATION

Pursuant to N.D. Fla. Loc. R. 7.1(J), the undersigned hereby certifies that this notice of supplemental authority contains 291 words.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice