# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIR LLC,<br><br>                             Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                             Defendant. | Civil Case No. 3:24-cv-444-MCR-ZCB |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Intuitive identified four independent grounds why Restore's complaint should be dismissed. ECF Nos. 25, 36. Restore's Notice addresses only the last of these. Even still, its reliance on *FTC* v. *Deere* is misplaced.

First, Restore mischaracterizes *Deere*. *Deere* did not hold that the *Kodak*/*Epic* factors are not required to establish a single-brand aftermarket when a plaintiff alleges market power in the foremarket. Rather, the court stated that it "questions" whether those factors apply, and then proceeded to apply those factors anyway. 2025 WL 1638474, at *3.

Second, unlike Restore here, the FTC in *Deere* adequately alleged that customers "might not be aware of or appreciate" the challenged restrictions at the time of their purchases. *Id.* at *4. To establish the *Epic* factors, the plaintiff must at

1

least allege that customers had a "lack of knowledge" of the restrictions, *Epic Games v. Apple*, 67 F.4th 946, 979 (9th Cir. 2023)—as the FTC did in *Deere*. Restore's complaint, by contrast, is premised on explicit terms in Intuitive's contracts, which Restore concedes hospitals were aware of before buying from Intuitive. ECF No. 36 at 30.

Finally, while *Deere* noted that one Northern District of California court held the *Epic* factors do not apply when the defendant has foremarket power, *Deere* did not apply that holding as discussed. Nor did *Deere* acknowledge that another N.D. Cal. court more recently granted judgment as a matter of law for Intuitive because the plaintiff could not establish the *Epic* factors. ECF No. 36 at 31-32. That court did so because the Ninth Circuit has applied the *Epic* factors despite allegations of foremarket power. *See Epic*, 67 F.4th at 970 (Epic defined a "mobile operating systems" foremarket); *Epic*, 2020 WL 7779017, at *3 (N.D. Cal. Dec. 31, 2020) (Epic argued "Apple has market power in the market for mobile operating systems[.]"); *Coronavirus Reporter v. Apple*, 85 F.4th 948 (9th Cir. 2023); *Coronavirus Reporter*, 2021 WL 5936910, at *10 (N.D. Cal. Nov. 30, 2021) (dismissal for failure to plead *Epic* factors even though defendant allegedly had market power in foremarket).

Dated June 13, 2025

Respectfully submitted,

/s/ *William B. Michael*
William B. Michael (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
T: 212-373-3000
E: wmichael@paulweiss.com

Kenneth A. Gallo (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
T: 202-223-7300
E: kgallo@paulweiss.com

Andrew Lazerow (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001
T: 202-662-6000
E: alazerow@cov.com

Bruce D. Partington
CLARK PARTINGTON
125 East Intendencia Street, 4th Floor
Pensacola, Florida 32502
T: (850) 432-1399
E: bpartington@clarkpartington.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(J)

Intuitive certifies that its Response to Plaintiff's Notice of Supplemental Authority complies with the word count limitation set forth in Local Rule 7.1(J), because it contains 350 words, excluding the parts exempted by the Local Rules.

*/s/ William B. Michael*
William B. Michael (*pro hac vice*)