IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| RESTORE ROBOTICS REPAIRS LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>　　　　　Defendant. | Case No. 3:24-cv-444-MCR-ZCB |

## PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ECF NO. 27 AND ECF NO. 34

Jeffrey L. Berhold<br>
JEFFREY L. BERHOLD, P.C.<br>
1230 Peachtree Street, Suite 1050<br>
Atlanta, Georgia 30309

Pursuant to N.D. Fla. Loc. R. 7.1(J), Plaintiff Restore Robotics Repairs LLC ("Restore") hereby files this second notice of supplemental authority in support of its memorandum in opposition to the motion to dismiss the First Amended Complaint (ECF No. 27 at 15-17) and its memorandum in support of its motion for leave to file the Second Amended Complaint (ECF No. 34 at 5-7). The supplemental authority is Brief of the Federal Trade Commission as Amicus Curiae in Support of Neither Party, *Surgical Instrument Serv. Co. v. Intuitive Surgical* (9th Cir.), Case No. No. 25-1372 (Dkt. No. 52.1) (Aug. 6, 2025) (attached).

The FTC's amicus brief confirms that *Kodak*-style aftermarket analysis does not apply where the defendant has market power in the primary equipment market (Surgical Robots in this case and *SIS*):

> The district court [in *SIS*] made a critical legal error in its instruction about what SIS must prove to establish the relevant antitrust markets: with regard to the alleged aftermarkets, it required SIS to prove additional 'lock-in' factors beyond traditional market definition principles. There is no need for such proof when the defendant has market power in the foremarket—as alleged here.

Id. at 1.

In the cases against Intuitive, "the crux of the entire . . . complaint is that the vertically integrated Defendant has used its monopoly power in the primary market of surgical robots to eliminate competition in the related aftermarkets." *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, No. 5:19CV55-TKW-MJF, 2019 WL 8063989, at *6 (N.D. Fla. Sept. 16, 2019). The FTC explains:

1

> When a company has market power in the foremarket, consumers lack the ability to use their foremarket purchase decisions to discipline the company's conduct in an aftermarket—regardless of factors such as information costs and switching costs. Market power is the ability to "force a purchaser to do something that he would not do in a competitive market." When a company has that power in the foremarket, the central predicate of *Kodak* drops away, and with it, the need to consider the *Kodak* factors.

FTC Amicus Brief at 15 (cleaned up).

Respectfully submitted on August 20, 2025.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice

Pursuant to N.D. Fla. Loc. R. 5.1(F)(1)(a), a certificate of service is not required.

## LOCAL RULE 7.1(J) CERTIFICATION

Pursuant to N.D. Fla. Loc. R. 7.1(J), the undersigned hereby certifies that this notice of supplemental authority contains 348 words.

/s Jeff Berhold
Jeffrey L. Berhold*
Georgia Bar No. 054682
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, GA 30309
(404) 872-3800
jeff@berhold.com

**COUNSEL FOR PLAINTIFF**

* Admitted Pro Hac Vice